I see you are appointed under the Criminal Justice Act and the court appreciates your assistance. This is an interesting case, Your Honor, so I've had fun with it. I hate to make light of it, but it was an appeal I could get my teeth in, so I like that. Again, Andrea Smith on behalf of Rafael Donnell, and this is the appeal of Donnell's denial of his habeas petition. As this court knows, in fact, I'm sure Judge Bai, as you know, because you are one of the authors on the panel of the King decision, the certificate of appealability that this court issued was solely on the issue of whether Donnell's appellate counsel provided ineffective assistance of counsel for failing to raise whether he was a career offender or not. Now, solely the issue before this court, and of course, as Judge Bai, as you know, Judge Bai, the King decision and the Pierce decision also both answered the issue of whether Donnell is a career offender. And the negative, he's not a career offender because both the King holding and the Pierce holding looked at the same guideline that Rafael Donnell is claiming here, that it should not count his prior conviction for resisting arrest as not a crime of violence, it should not count as a predicate under the Career Offender Act. Of course, we're beyond that issue of whether he's a career offender because we're looking at the issue of whether his appellate counsel provided ineffective assistance of counsel by not arguing that on that issue. And And why isn't Pierce controlling? Because Pierce pointed out that this issue didn't start with King. And it didn't start with King. So, therefore, the same ineffective assistance here is there, isn't it? Well, almost, Judge, almost. Of course, I disagree with the decision by the Pierce panel. I think Pierce panel got it wrong. We can't do anything about that. No, of course not, Your Honor. But I did get it wrong. And why I got it wrong, if I just may expand a little bit on that, is because both King and Pierce depend on the examination of a guideline, and that guideline is 4A.2A2, which went into effect when the guidelines went into effect in 1987. It's been in effect the entire, what now, 26, 27 years since the guidelines have been in effect. It's said the same thing. And just because there has not been a lot of case law on that guideline, when the Pierce decision said, oh, it was a novel argument, it was just wrong. It was based on a long-standing guideline that has not changed. It's held the same thing consistently. Well, it could still be a novel argument, even if the guideline is old, if nobody thought of it. It's a counterintuitive, odd argument. And of course, that's what Pierce said, Your Honor. But of course, if you look, and I'm not going to argue the merits of the Pierce decision. Right, we could argue the merits of King, if you want to argue the merits of his case. But of course, if this court looks at, I was also the counsel on Pierce. So I argued that case. And I actually petitioned for re-hearing in the Pierce decision. And two of the judges in this court voted yes to have a re-hearing of the Pierce decision and look at it. Nine voted no, of course. So we didn't get a re-hearing en banc on that decision. But the Lazarski case and the Peters case, both from 2000, they did look at this issue. But let's go, I don't want to waste my time on that. Let's go back to the King and go back to what you said, Judge Loken. Why is it ineffective assistance of counsel here, given that the Pierce decision said it was not an effective assistance of counsel because it was a novel argument? The difference is, Your Honor, is that the King decision came out almost two months before the mandate issued in Donnell's direct appeal. So Raphael Donnell's appellate attorney had two months to, in the direct appeal, to have read, and he was required to do that by the case law in this circuit, that he's required to be up on case law. He was required, constitutionally required, to have read the King decision, realized that it applied to Donnell's case because that was clearly an issue that Donnell had raised pro se and by himself in front of the district court, by his pro se briefing in the 8th circuit, saying, I'm not a career offender, I'm not a career offender. You're saying Donnell raised that? Yes. He didn't raise the issue we have here, which is the application of the multiple counsel conviction. But the appellate counsel here, you have to recall, was also the trial counsel. Not only the trial counsel, but the sentencing counsel. So when this court issued the certificate of appealability only on the issue of whether appellate counsel here provided an effective assistance to counsel, what this court and what Donnell hangs its head on is the King decision came out, two full months passed after the King decision, after appellate counsel should have read that, realized that it applied to the facts in Donnell's case, and filed a motion for supplemental briefing, filed a motion, a 28-J letter. But when did King come down in relation to the Pierce? If you recall, Judge Loken, Pierce challenged his trial counsel's effectiveness. And the King decision was not out when Pierce's trial counsel failed to see that the issue that we're talking about here, the application of the multiple counts, a grouping issue for multiple counts of conviction. So Pierce's trial counsel did not have the benefit of the King decision. Pierce's appeal raised that issue, but of course, Judge Perry was overturned by this court when she said, yes, Pierce's trial counsel should have gotten it, and this court in the Pierce decision said, no, it was not an effective assistance to counsel. Judge Perry was looking at his trial counsel. So we're only looking at trial counsel there. What we're talking about here and what this court has done here is grant a certificate of appealability on appellate counsel's . . . But wasn't King on the books for the Pierce appeal? Yes, but remember, again, we're only talking about the appellate . . . effective assistance of counsel, trial counsel . . . You're saying there was no challenge to the appellate counsel in Pierce? That's right. Because I actually was the appellate counsel . . . You didn't challenge? Yeah. No, and I raised it. And I raised that, but . . . So Judge Perry, the chief judge in St. Louis, said that his trial counsel was ineffective for not catching that. No, what about his direct appeal counsel? That was not an issue in . . . No, it was not. No, because I was his direct appeal counsel, and I raised that, but we were back on a habeas challenge at that point on ineffective assistance of counsel is where we were with Pierce. It was a habeas petition, Judge . . . You were his lawyer in habeas? Yes, that's right. And you challenged his trial lawyer? But not direct appeal. That's right. Who was his direct appeal lawyer? I think he had an appeal waiver. He had an appeal waiver. That's right. This is two or four years ago. He had an appeal waiver. Pierce had an appeal waiver. He filed a habeas. I got a point on habeas. He couldn't challenge his appeal. That's right. That's exactly what happened. But to go back, and this gets a little roundabout, I realize that the procedure . . . So you're saying the lawyer here should have filed a motion for supplemental briefing after That's right. There's two full months between February . . . Let me get my dates, Judge, so I can tell you exactly. What about the other . . . What about prejudice? Well, given that he got a 20-year sentence and his guideline range is 77 to 96, not as a career offender, clearly there's prejudice here. It's doubled his sentence from under 10 years to a 20-year sentence. You mean if the judge followed the guidelines? If the judge had said he's not a career offender, and that's of course why we're asking . . . Well, he wouldn't necessarily have to. He might have said this is a . . . King is a bizarre decision, and he should get the point, and even though the guidelines don't give him the point, I'm going to give him the 20 years. The judge might have said that. And he might have. That would have had to do with upward variance. Yeah. Yeah. I'm going to give you 20 years even though your guideline range is 77 to 97 months. You're just saying that we don't know . . . We don't know what he would have done. So why don't you lose then if we don't know what he would have done? Well, because a 10-year, you know, there's a case solved by the circuit, and I've quoted in my brief that even a six-month difference in a guideline range can be prejudicial and can comport with the Strickland Ineffective Assisted Counsel test, and plus the course of the Supreme Court in Gall says the starting point always has to be the correct guideline. So this, of course, is taking two steps back, Judge Colton, where you have to start at the correct starting point. But what the issue is before this Court is primarily, not primarily, it is, was Dunnell's appellate counsel ineffective for not reading the King decision, seeing and recognizing that it applied to his . . . You still haven't gotten around Pierce for me because Pierce said you didn't need King. Trial counsel didn't need King to raise this. And the King decision was not, yeah, but the King decision was not out when we were . . . But wait a minute. But the decision, as I read Pierce, they're saying Peters and Ruchak and, you know, these others were enough of a clue. You didn't need King. Therefore, the appearance of King after the fact doesn't affect . . . The appellate counsel's ineffectiveness? The analysis of trial counsel's ineffectiveness in Pierce, so it shouldn't affect here. If you recall in Pierce . . . There was enough on the . . . There were enough hints floating around that if this failure to raise would ever be ineffectiveness, it's ineffective. You get the same answer before and after King, in other words. And I don't think that's . . .  That's the way I read it. So is it . . . Judge Loken, are you saying that no one can ever have a . . . could correctly apply the guideline 4A1.2A2, the multiple counting guideline, correctly? No, no. Because they're not . . . No, no. Saying that . . . I'm reading Pierce as saying whether it's before or after King, it is not ineffective assistance of trial or appellate counsel to not raise this strange issue. And let me ask you . . . So does . . . Deficient performance. It's not deficient. And what . . . If someone gets sentenced today, Judge, downstairs, and they don't raise this issue, and the probation office doesn't catch it, the district court doesn't catch it, you think it's okay to sentence someone to twice the amount of time they're looking at because no one's raised . . . Even though we've got now the King decision and the Pierce decision, showing that this is how it's got to be counted, this is how multiple counts of conviction . . . Well, on these facts, where it's the same and not one longer, yeah, I'd say . . . You mean no defendant can ever argue that issue? Well, I don't think the same when the parallel or companion sentences are the same and one is and one isn't a violent felony or a crime of violence. I guess I'm reading Pierce differently. Well, Pierce doesn't have that fact. Pierce and King both have the non-crime of violence was longer. Sentenced, yeah, sentenced together. This case is, to me, much different. I mean, the counterintuitiveness . . . That Judge Perry talked about. Well, that we talked about in Pierce is much greater here. Do you agree that King didn't involve a group where the two had the same sentence? No, one of his . . . King's had two different groups. One did have the same sentence. Another one had a longer one on the drug case, not the crime of violence case. But those were his only two, so he only had to win one to beat the . . . That's right. Are you sure that's right? I thought he had another one. He had one of each. He challenged . . . But I thought he had a third, and so he had to knock out both in order to win. Is that right? Or do you only have to knock out one? He challenged the groupings of two different sets of multiple convictions. One where he got a sentence the same for both of them. And he did knock that out because under the rule of limity, Judge, I got knocked out because they were the same sentence, and you couldn't determine which was a longer sentence. They both got the longest sentence. And the other group, Judge Colton, it was a drug case that got the longer . . . the drug conviction got a longer sentence than the crime of violence. But the question is whether King ruled that both of those do not count. I think King didn't address that specifically. He just said one or the other is not going to count because . . . That's true, but I thought King had a third felony, and he had to knock out both of the disputed cases. And King goes back to the rule of lenity, which Pierce does as well, saying if it's not clear and it's not clear under this guideline, which conviction counts if they're both the same sentence? I see my . . . I'm running out of time. Judge Colton, the first group in King, of the related cases, was the longer sentence was for the drug case. So clearly the drug conviction counted in that case and not the resisting arrest. Yeah, but that doesn't help you on this case because here the sentence . . . the length was the same for the two. And then the rule of lenity kicks in? The question is whether that's still a novel argument. I thought you're now conceding that King didn't decide that. And that was different than a . . . Can I save a couple of minutes for rebuttal? My light's been on for a couple of minutes, Judge. Let's see what the government says, and I'll come back to that. I want to look at the Pierce decision as well. Mr. Coffey? May it please this Court again, Phil Coffey with the U.S. Attorney's Office. I think I've read the King decision about 11 or 12 times, and Judge Colton, to answer your question, on about the 11th time I read it, it seemed to me at first glance that it was a situation where they had only two and they had to knock out both. But then when I read it again this morning, it appears that maybe that's not the case, that there was one. The problem in the case is . . . What do you mean there was one? There was one that was not challenged. In other words, there were three. And I think if you read it closely . . . So he has to knock out both to win. Right. So that's worse for the government because that means they must have found that the two with the same length didn't count. What the Court said in King was that the argument was, quote, plausible. Well, I know. Then they ended up saying . . . It's plausible and it wins. Well, except that if you look at the Pierce case, and this may . . . The author of the Pierce case, Judge Beam, and the Court there thought we were still studying this issue. Well, I know. I don't understand. So . . . But let me read from the appellant's reply brief because I saw Judge Cotton, you were smiling when the appellant counsel said what the issue was. And here's . . . On page three of the reply brief, The issue is whether Donnell's appellate attorney should have read the 2010 King decision, recognized its applicability to Donnell's guideline calculations and pending appeal, and made some effort to raise the King issue, one that had not been appealed, briefed, or argued on, before this Court a few months later issued its mandate. Meaning that . . . What? Appellate counsel has an obligation to scan the advance sheets and Westlaw, after a case has been fully briefed, argued, submitted, and asked that it be re-briefed. Now, this Court's collective experience exceeds mine, but I've been on doing this for like 40 years. I do not remember an instance where an appellant has ever even attempted that, much less where that has ever succeeded. Where after a case has been fully submitted, we're going to re-brief it, and we're going to what? Set it for argument? And the following month . . . For example, didn't we? Didn't you have defendants come in and say, hey, Booker's come out. I want to file a supplemental brief and argue that the guidelines are advisory. Do you remember that at all? Probably Bailey back in the 90s. Well, possibly. But in this case, too, when I read her statement, the other part, though, too, is that they would also have to win on the ground of plain error. I mean, her statement of the issue doesn't mention that. On ground of plain error and on a state of facts that are still different. Okay. Because in this case, number one, all of the cases they've relied on have relied on the fact that the sentence were not only one was . . . The non-predicate was either the same or longer, but that they were concurrent sentences. There is nothing in the record to show whether these were concurrent or consecutive. Likewise, in none of those cases did you have a situation that you have here, where you have a misdemeanor running concurrently with a felony. Now, if . . . You talk about the rule of lenity, but I thought I could find an Eighth Circuit case that said it. I had to go, I think, to another circuit to find that said, you know, the rule of lenity doesn't . . . isn't going to be applied in situations where it would result in an absurd ruling. And what you would have to rule in this case, for them to win, you would have to rule that in this particular case, either neither conviction gets the point or that the misdemeanor gets the point. And to me, that's not only counterintuitive, that stretches the rule of lenity to an absurd degree. What do you think? King had two misdemeanors? Is that your point? No, no, no. Kings did not involve misdemeanors. Two felonies? They were all felonies. So you're saying in King . . . This is the first case . . . So hold on. I'm sorry. In King, you're saying the court must have meant that the other felony got the point. Right. And you said . . . Well, in King they left it, in King they left that kind of up in the air. But they said it was a plausible argument. They said where you had . . . Well, no, but in order to give relief, they had to have accepted the argument. I thought we just established that, because they had to knock out both . . . Well, except that the relief that they gave in King was based upon, they didn't find ineffectiveness. The relief they . . . Well, they found the appellate lawyer was ineffective . . . In . . . Because he didn't knock out the appeal waiver . . . Right. . . . which blocked him from . . . And not raising something that had been handed to him on a silver platter by his client. Yes. But they didn't find, they didn't find the attorney ineffective in failing to recognize the issue on his own. And that's what Pierce says. Pierce says, we've never found ineffectiveness in this situation. And I, he used a little folksy language there. I want to go back to your point about the felonies and misdemeanors. Right. In King, the issue that the client put on the silver platter, as you put it, was that there were two felonies in the same group. And the argument that must have been accepted was that the point goes to the other felony that's not a crime of violence, I guess, in order for him to win. Well . . . And the difference here is you're saying there's a felony and a misdemeanor, and that makes a difference here? It's not as good an argument? Right. If I could, there were two, there were two groups of cases. I know. I'm talking about the group where they had the same length of sentence. In that one, what the opinion says, I'm paraphrasing, is it is not clear in that situation which conviction gets the points or whether, you know, they both do. And then they said, you know, it's plausible that they wouldn't, you know, get the conviction. What I'm saying here is that where you're dealing with two group convictions, one of which is a misdemeanor and one of which is a felony, doesn't it make the most sense to give the point to the felony conviction? And don't we have to, before we exercise the rule of lenity, don't we have to look at, and this is what the Supreme Court has said in a number of cases recently, that where before you invoke the rule of lenity, you need to do more than simply say, you know, this argument is plausible, this argument is plausible, flip a coin. What they say is it's only after you look at the history, the context, the purpose of the law, if you're left with no more than a guess as to what Congress, and in this case we'd be talking about the Sentencing Commission, meant, then you invoke the rule of lenity. And what we're saying here would be, first of all, A, it's not clear that they're concurrent. It's not even clear that we have this, that this rule applies. And secondly, even assuming they're concurrent, this is a different fact pattern. This is a fact pattern where the two allegedly concurrent sentences, one is a felony and one is a misdemeanor, and I say to you, what purpose would the Sentencing Commission have for either saying neither gets the point or the misdemeanor gets the point? On that ground, I was thinking about the Armed Career Criminal Act. This would count under the Armed Career Criminal Act, right? Yes. So we are positing a guidelines decision-making process in which Congress has already said counted. Right. And the career offender is for two instead of three. Right. And we're interpreting the commission as saying we're going to do something different than Congress mandated. And we're going to do something in this case that would not only be counterintuitive, but it would defeat the whole purpose of the act to begin with. So in terms of the rule of lenity, if he had three, this would have counted it because he'd be an armed career criminal. Yes. And if he has two, with the same sentence misdemeanor felony aspect, we're supposed to say we invoke the rule of lenity and he doesn't have two. Right. And that's what I'm saying. I'm saying that you need to interpret this in a way that makes sense. Why does this make any less sense than King? I mean, King said we're not going to count the violent felony. We're going to consider it as though neither one counts. Or the nonviolent felony counts. Why isn't that the same argument? I think because it's a misdemeanor, it makes slightly less sense. I will agree. And the case law says, the cases say, you know, we can see why an attorney would miss this. And I'll bet this has been missed in a lot of cases. I don't think you need the misdemeanor. I think the same is different than when the non-crime of violence is longer, has the longer sentence. In the King, in the first half of the King equation. Right. Yes. The plain language of the guideline has to be. Right. I agree with that. Has to logically trump, may trump logic and common sense. But when they're the same, the plain language doesn't apply. But didn't King. King could still say it's plausible. That doesn't mean it's sound. And that's what, yeah, that's sort of what. Well, why didn't King have to, it went beyond plausible or there wouldn't have been any basis for relief. It had to knock out the one with the same, when the two sentences were the same. Well, again. Right. You've read it 11 times. Two sentences are felonies the same and are run concurrently. But you're agreeing that when the two were the same in King, the court said that doesn't count. That violent felony didn't count. Well, I guess. I'm also. But you do need the misdemeanor is what I'm asking. Well, I think the misdemeanor changes it. I think the fact that since the rules say they have to be run concurrently. And, again, there's nothing in the record here that shows they were concurrent as opposed to consecutive. What difference does that make? I'm not tracking. Well, because the case law says that this particular rule applies only when the sentences are run concurrently. The grouping rule? The grouping, yes. And so that's the key. But, Judge, looking to get back to what you were saying and this gets back to what. I think at this point. And maybe, Judge Collin, you're disagreeing with me. I think at this point with the case law we've had now, Pierce, King, Higgins. I think that a defendant who's sentenced today could certainly argue that if you've got one longer and they're both felonies and they're run concurrently. That this is established to the point where, yes, that's going to be ineffectiveness. But remember, when this case was decided, when King was decided, this court in a footnote said we don't normally consider pro se briefs. But if we had, we find this to be a crime of violence under the career offender. So, presumably, to rule in the favor of the defendant, you'd have to say that the judges in this court were ineffective. Because they didn't pick up on it. You mean in Donnell? I thought you said in King. You're saying Donnell. I'm sorry. Yes, of course. Donnell. Yes, in Donnell. The footnote on the direct appeal. Right. The footnote on the direct appeal where they said, and again, their focus, as the focus in most of the cases has been, is this the type of case that qualifies as a crime of violence? Well, we wouldn't have to find that the judges are ineffective. Well, no, no. But it shows. It's not their obligation to come up with an argument for Donnell. Well, but the question is, but was it incumbent upon his appellate attorney to come up with a new argument after everything has been briefed? Yes, but that's a different question from whether the Eighth Circuit judges had to come up with it. And the other issue I think that you have to look at, and I sent a 28-J letter because it was Judge Loken's opinion and winners that came down, I think, last year, which talks about, and we discussed this in the brief, that it's not sufficient even that you are able in retrospect to determine that, oh, yeah, here's an issue here that they might have or would have won on. The question is, at the time, you know, was this a reasonable decision? Was counsel acting as the counsel guaranteed to them, you know, under the Constitution? And what you have to look at and what you have to compare, which the appellant does not do in this case, is what other arguments did the defendant raise? In other words, did they file an Anders brief? Did the appellate attorney go through the motions? Or is there a legitimate attempt to brief the issues? And in this case, I think Mr. Epps, who was the defendant's attorney, decided to argue the merits of the conviction and, in fact, had an argument that may have been or he may have thought was a winning argument because they introduced into evidence a conviction for, I think it was marijuana possession, some sort of case involving marijuana. And there's a case from this Court that said that was probably error. And this Court didn't decide the issue. This Court said, hey, we don't have to because we think that the evidence was overwhelming, et cetera, et cetera. So there were arguments made in the case that the defendant thought were or defendant's attorney, I'm sorry, thought were stronger. And that's counsel's job here. So it's not sufficient that you can say in retrospect, okay, in view of King, maybe this was a stronger argument than counsel realized. But it's up to the attorneys to determine what issues to make. And you don't meet the Strickland test simply by showing that, in retrospect, you might have missed one because, you know, it's – you've got to be – your performance has got to be so defective that you weren't acting as the counsel guaranteed to you by the Constitution. And that's certainly not the case here. That's certainly not the case. As I said, this case is still null. There has not been a case where you've had either concurrent or consecutive sentences, which it isn't clear, and where you have a misdemeanor running with a felony. And you want to give the point either to the misdemeanor or you don't want to give the point to either. I mean, that, to me, clearly defeats the intent of the Sentencing Commission. I see I'm nearly out of time, and I've probably beat this to death, but unless there are any questions, thank you. One minute for rebuttal. Judge Loken, I wanted to address the issue you raised about what King says. I'm looking at what Pierce says, and I'm looking at the last page of the Pierce decision. I see where you're referring to what you say is that King refused to find ineffective assistance of counsel, and King did do that. King refused to find ineffective assistance of the trial counsel for not having raised the issue raised in Peters, Lassiter, Ruhak. But it went on to find appellate counsels ineffective for not briefing and raising the issue of the appellate waiver, which would have raised this issue, which King said, this guideline issue that Donnell raised, the same one, which is meritorious and would have succeeded if it had been raised by appellate counsel in King. So King found that the trial lawyer was not ineffective for failing to raise it, but the appellate lawyer was ineffective for failing to raise the same argument that the trial lawyer was not ineffective for raising it. That's right. What's the logical basis for that? Because King had brought the issue, the guideline counting rule of multiple convictions to his appellate counsel, and the guideline that's at issue here, the 28-year-old guideline, and said, hey, look at this, and his appellate counsel ignored that. But the important thing in King is that it said it would have succeeded on the merits. It was a meritorious issue and would have succeeded if it had been brought to the court's attention by appellate counsel. So when Pierce, when Judge Loken, when you said Pierce refused to find ineffective assistance to counsel, that Pierce decision is referring to King's refusal to find ineffective assistance to counsel by the trial counsel in King, not the appellate counsel, because they did find appellate counsel ineffective in King. So I was trying to get that straight when you asked me that, Judge. I wondered, does that answer your question, Judge Loken? And Judge Colton, does that answer your question? I hadn't read King the way Judge Colton and you are reading it this morning, so I have to go back and see that. I thought it was pretty clear that the existence of a third conviction was the analysis in King. So I thought that the fact that all he had to do was beat one was enough to get the panel in King to looking at the issue you're talking about. And I don't think they didn't elucidate. Yeah, they didn't elucidate. That's why they just said plausible as to the same sentence. But they did give the relief, Judge Colton. Right. That's the problem, that they gave relief in order to give relief. You could infer they had to knock out both because he had a drug conviction. Well, they didn't, but page 850, and I didn't bring it with me. I just said they didn't. The opinion was very unclear. It was. It was unclear. But I think the important thing is they talk about it as being a meritorious issue. It would have succeeded if it had been released. Yeah, right. And if he had a drug conviction that was undisputed, he only needed one more. Right? Yes. But the point about King saying it would have succeeded and it was meritorious, if Donnell's appellate counsel had raised it. I don't think they said it was meritorious and, you know, all right. Anyway, that's fine, Judge. You can go on forever. Because, okay. No, I appreciate it. I went way over my time. I appreciate your honesty. Interesting issue. Well argued, and we'll take it under advisement.